O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA FAIT,<br><br>          Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. SACV 11-0227 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the four disputed issues listed in the Joint Stipulation.[1]

//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

### A. Reversal is not warranted based on the alleged failure of the Administrative Law Judge ("ALJ") to make a proper adverse credibility determination.

Disputed Issue Nos. 1 and 2 both are directed to the ALJ's adverse credibility determination. In Disputed Issue No. 1, plaintiff contends that the ALJ erred in failing to properly consider plaintiff's administrative hearing testimony that her medications caused her to lose her balance and to be "constantly dizzy" and the impact of those medication side effects on plaintiff's ability to perform work related tasks. (See Jt Stip at 3, citing AR 26.) In Disputed Issue No. 2, plaintiff contends that the ALJ erred in general in failing to fully credit her subjective symptom testimony. (See Jt Stip at 6-9.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 196); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

Here, one of the ALJ's findings was that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's assessment of plaintiff's residual functional capacity ("RFC"). (See AR 17.)

Plaintiff is correct that, under Social Security Ruling ("SSR")[2] 96-7p, "[t]he type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" is one of the factors that the ALJ is required to consider when assessing a claimant's subjective symptom testimony. See also 20 C.F.R. §§ 404.1529(c), 416.929(c). However, medication side effects must be medically documented in order to be considered. See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985); see also Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir. 2006) (holding that ALJ's failure to include fatigue as a limitation in the hypothetical posed to vocational expert was not error where claimant did not report any side effects of fatigue to his doctors during the relevant period); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985) ("[A] claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings.").

Here, plaintiff has failed to point to anywhere in her medical records where her alleged loss of balance side effect was medically documented. Moreover, while there are references to the dizziness side effect in plaintiff's medical records (see, e.g., AR 430, 438, 451), the ALJ's decision reflects that he did consider this side effect. He noted that, according to the California Pain Center treatment notes, plaintiff had reported that she was "ok" with the "slight level of dizziness" caused by her pain medication. (See AR 16.)

Further, for the reasons stated by the Commissioner (see Jt Stip at 9-13), the Court finds and concludes that the ALJ's adverse credibility determination with respect to plaintiff's subjective testimony regarding the limiting effects of her medically determinable physical impairments was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit that subjective testimony. See Fair v. Bowen, 885 F.2d 597, 604

---

[2]   The Ninth Circuit has stated that Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1  (9th Cir. 1989) ("Where, as here, the ALJ has made specific findings justifying a
2  decision to disbelieve an allegation of excess pain, and those findings are supported
3  by substantial evidence in the record, our role is not to second-guess that decision.");
4  see also, e.g., Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may
5  properly rely on inconsistency between claimant's subjective complaints and
6  objective medical findings); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir.
7  2002) (ALJ may properly rely on inconsistencies either in claimant's testimony or
8  between claimant's testimony and claimant's conduct, claimant's daily activities, and
9  claimant's work record); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir.
10 1999) (ALJ may properly rely on conflict between claimant's testimony of subjective
11 complaints and objective medical evidence in the record, and on contradictions
12 between claimant's reported limitations and claimant's daily activities); Orteza v.
13 Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective
14 evidence to support claimant's subjective complaints, inconsistencies in claimant's
15 testimony, and effectiveness of medication); Curry v. Sullivan, 925 F.2d 1127, 1130
16 (9th Cir. 1991) (ability to take care of personal needs, prepare easy meals, do light
17 housework and shop for some groceries "may be seen as inconsistent with the
18 presence of a condition which would preclude all work activity").  As the ALJ
19 pointed out, even plaintiff's own treating physicians, Dr. Tran, opined that plaintiff
20 was capable of sitting, standing, walking, and performing mixed activity for a full
21 work-day.  (See AR 15, 242.)

22       Another consideration for the Court is that plaintiff did not even reply to the
23 particular contentions made by the Commissioner with respect to Disputed Issue Nos.
24 1 and 2.  The Court deems such failure a concession to the correctness of the
25 Commissioner's position.
26 //
27 //
28 //

**B.      Reversal is not warranted based on the ALJ's alleged failure to make a proper vocational determination.**

Disputed Issue Nos. 3 and 4 are directed to the ALJ's determination at Step Four of the Commissioner's sequential evaluation process that plaintiff is capable of performing past relevant work.

As to Disputed Issue No. 4, it follows from the Court's rejection of plaintiff's positions with respect to Disputed Issue Nos. 1 and 2 that reversal is not warranted based on the alleged failure of the ALJ to pose a complete hypothetical to the vocational expert. Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of record that the ALJ finds to exist. See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). Here, the hypothetical posed to the vocational expert did comport with the limitations that the ALJ found to exist. (See AR 12, 46.)

As to Disputed Issue No. 3, the Court concurs with plaintiff that the ALJ erred in finding that plaintiff remained capable of performing her past relevant work as a delivery driver. (See AR 17.) That finding was not supported by the substantial evidence of record since the vocational expert testified, in response to a hypothetical posited by the ALJ matching plaintiff's vocational profile and residual functional capacity, that such a hypothetical person could perform all of plaintiff's prior jobs **except** the delivery truck driver job. (See AR 46.) However, in light of the vocational expert's testimony that a hypothetical person matching plaintiff's vocational profile and residual functional capacity could perform plaintiff's other prior jobs, the Court finds that this error was harmless. See Curry, 925 F.2d at 1131 (harmless error rule applies to review of administrative decisions regarding disability).

The Court's rejection of plaintiff's position with respect to Disputed Issue No. 1 is dispositive of plaintiff's contention that the ALJ erred in his Step Four determination because he failed to consider the impact of plaintiff's medication side effects. (See Jt Stip at 13.)

Finally, the Court notes that the determination that a claimant is capable of performing his/her past relevant work properly may be based on **either** the past relevant work as performed by the claimant **or** the past relevant work as generally performed in the national economy. See, e.g., Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993); Sanchez v. Secretary of Health and Human Svcs., 812 F.2d 509, 511 (9th Cir. 1987). Accordingly, even if plaintiff is correct that the ALJ erred in failing to make specific findings of fact as to the physical and mental demands of plaintiff's other prior jobs (see SSR 82-62; see also Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001)), the Court finds that any error by the ALJ in failing to do so here was harmless error because plaintiff has failed to point to any inconsistencies between her RFC as determined by the ALJ and the job requirements for those other jobs as generally performed in the national economy per the Dictionary of Occupational Titles.

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: November 4, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE